# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GUERRA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,[1]<br><br>　　　　Defendants.　　　　　／ | Case No. 1:15-cv-01408-SKO<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 24) |

## I. INTRODUCTION

On March 5, 2018, counsel for Plaintiff Jesse Guerra ("Plaintiff"), Young Cho, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 24.) On March 6, 2018, the Commissioner filed a response, acknowledging however that she was not a party to the fee agreement between Plaintiff and his counsel, and therefore "not in a position to either assent or object to the § 406(b) fees that Counsel seeks from Plaintiff's past-due benefits." (Doc. 25.) On March 7, 2018, the Court issued a minute order requiring Plaintiff to file his objections to Plaintiff's counsel's motion, if any, by no later than March 20, 2018. (Doc. 26.) Plaintiff was served with copies of the motion for attorney's fees and the minute order. (Doc. 27.) Plaintiff did not file any objection to the motion by the March 20, 2018 deadline (*See* Docket).

//

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on February 27, 2017). She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

For the reasons set forth below, the motion for an award of attorney's fees is granted in the amount of $24,000, subject to an offset of $6,000 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on November 22, 2016 (*see* Doc. 23) and a refund of administrative fees already awarded pursuant to 42 U.S.C. § 406(a).

## II. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (Doc. 1.) The Court reversed the Commissioner's denial of benefits and remanded the case to the agency for further proceedings. (Doc. 20.) Judgment was entered in favor of Plaintiff and against the Commissioner on September 28, 2016. (Doc. 21.) On November 21, 2016, the parties stipulated to an award of $6,000 in attorney fees under EAJA (Doc. 22), and on November 22, 2016, the Court entered the stipulated order (Doc. 23).

On remand, the Commissioner issued a decision finding Plaintiff disabled. (*See* Doc. 24, Declaration of Young Cho ("Cho Decl.") ¶ 3 and Ex. 2.) On February 14, 2018, the Commissioner issued a notice that retroactive disability benefits had been awarded to Plaintiff and that $24,443.95, representing 25% of Plaintiff's past-due benefits, had been withheld from Plaintiff's award of disability benefits for payment of any applicable attorney's fees. (Doc. 24, Cho Decl., Ex. 3.) On March 5, 2018, counsel filed a motion for attorney's fees in the amount of $24,000, with an offset of $6,000 for EAJA fees already awarded, for a net award of $18,000. (*See* Doc. 24.) It is counsel's section 406(b) motion for attorney's fees that is currently pending before the Court.

## III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . .

2

> certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the

3

benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing, LLP, signed by Plaintiff and counsel[2], provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the [EAJA] and such amount shall credit to the client for fees otherwise payable for court work.

(Doc. 24, Cho Decl., Ex. 1 (dated August 5, 2015) (emphasis in original).)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. As Plaintiff's counsel, the Law Offices of Lawrence Rohlfing spent 35.1 hours representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner's decision was reversed and remanded to the agency for reconsideration. (Doc. 24, Cho Decl., Ex. 4 (time sheets accounting for 31.2 attorney hours and 3.9 paralegal hours spent representing Plaintiff before the district court).) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in delay.

Counsel does not state his or his paralegal's normal hourly rates. However, the effective hourly rate requested equals $683.76 per hour.[3] The Ninth Circuit has found similar effective hourly rates reasonable in social security contingency fee arrangements. *See Crawford*, 586 F.3d 1142, 1153 (9th Cir.2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey

---

[2] The agreement is signed by Plaintiff's former counsel, Vijay J. Patel, who at that time was with the Law Offices of Lawrence D. Rohlfing.

[3] Counsel of record expended 12.2 hours, Plaintiff's former attorney expended 19.0 hours, and a paralegal expended 3.9 hours. Thus, the effective hourly rate requested is computed as follows: $24,000 / (12.2 + 19.0 + 3.9) = $683.76 per hour.

4

of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases). Further, attorney's fees in the amount of $24,000 do not exceed 25% of the past-due benefits awarded and are not excessive in relation to the past-due award. (*See* Doc. 24, Cho Decl., Ex. 3.) *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorneys accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, the attorneys secured a remand, and ultimately, the award of substantial benefits to Plaintiff.

An award of attorney's fees pursuant to section 406(b) in the amount of $24,000 is, therefore, appropriate. An award of section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $6,000 in fees pursuant to the EAJA; as such, the fee award will be offset by $6,000 for a net award of $18,000. Plaintiff's counsel was also previously awarded

$6,000 in administrative fees under 42 U.S.C. § 406(a) pursuant to an ALJ-approved fee agreement. (*See* Doc. 24 at 7.) Although section 406(b) limits only the amount of attorney's fees awarded under section 406(b), and not the combined fees awarded under both sections 406(a) and 406(b), *see Clark v. Astrue*, 529 F.3d 1211, 1213 (9th Cir. 2008), Plaintiff's counsel indicates in his motion that the ALJ should not have approved the fee agreement because it did not meet all of the conditions for approval and that he intends to refund the $6,000 received under section 406(a). (*See* Doc. 24 at 7–8; Cho Decl. ¶¶ 6–7.) Thus, Plaintiff's counsel "will ensure that all fees awarded regarding [Plaintiff's] Social Security benefits will not exceed the withholding of 25%" and will not seek any further fees under section 406(a). (*See id.*)

## IV.   CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS ORDERED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $24,000 is granted;

2. Plaintiff's counsel is ordered to refund to Plaintiff $6,000 of the section 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d);

3. Plaintiff's counsel is ordered to refund to the Commissioner $6,000, the amount of administrative fees previously awarded pursuant 42 U.S.C. § 406(a); and

4. The Clerk of the Court is directed to serve this order on Plaintiff, Jesse Guerra, at 2322 Kentucky St., Bakersfield, CA, 93306.

IT IS SO ORDERED.

Dated:   **March 28, 2018**                    /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE